Mr. Justice Sieger
delivered tíre opinion of the court;'
The act of 1785, declares that all conveyances not recorded in six months after execution shall be legal and valid only as to the parties and their heirs, but shall be void as to subsequent purchasers, whose conveyances shall be recorded as the act prescribes.
The object of the act was the protection of purchasers against fraudulent conveyances. To admit as an excuse for not recording, the destruction of the deed, is to expose the purchaser to the very fraud against which the act was intended to protect him. The only case in which a prior' conveyance not recorded, has been regarded as valid against a subsequent purchaser, whose conveyance was duly recorded, is that of Tait fy Crawford, (1 McCord’s Rep. 265, 479,) where the court declared, that if the subsequent purchaser had received explicit notice of the prior sale, his conveyance would have been held valid.— It is not pretended that the lessee of Wright had explicit notice of the prior conveyance to' the defendant, but it is contended that the possession of the defendant ought to be regarded as presumptive notice of a prior conveyance.— But Wright was himself in possession, which raises as strong a presumption against the defendant’s possession as his could against Wright’s. If to Wright’s possession be added the conveyance to him on record, there remains no ground for presuming that the lessee of Wright had notice of his prior conveyance to the plaintiff. But presumptive notice will not do; it must he explicit, or the act will soon become a dead letter.
Had the jury therefore been instructed that the paper title of the plaintiff was superior to the defendants, and their attention been directed to his statutory claim by possession, this motion must have failed. But it appear? *275 •that the defendant’s title by possession was regarded as contaminated by his paper title. That a party may succeed on his possession when he has failed to prove a paper title, is not now to be questioned. Where adverse possession for five years is proved, a written muniment is of no other use than to shew the extent of possession. The defendant had twenty years possession of this land. During the whole of that period he held adversely to Wright. The deed of Wright was unimportant to the defendant after the first five years, except to show the extent of his possession ; and this might be done by evidence much less formal than a deed duly executed and recorded in the register’s office.
Porter, for the motion.
Dozens, contra.
The motion for a new trial is granted.
Justices Qantt, Colcock and Richardson, concurred.